**UNITED STATES EX REL. Jonathan BLOEDOW, Plaintiff–Appellant,**

**v.**

**PLANNED PARENTHOOD OF THE GREAT NORTHWEST INC, Defendant–Appellee.**

No. 14–35017

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2016 Seattle, Washington

FILED June 20, 2016

Steven H. Aden, Catherine Glenn Foster, Attorney, Alliance Defending Freedom, Washington, DC, for Plaintiff–Appellant.

Laura Einstein, Planned Parenthood of Western Washington, Seattle, WA, Julia Livingston, Matthew Umhofer, Attorneys, Spertus, Landes & Umhofer, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

Jonathan Bloedow appeals the district court's order dismissing his qui tam action for lack of subject matter jurisdiction. We affirm.

The district court did not err in concluding that the False Claims Act's ("FCA") public disclosure bar applied to Bloedow's suit.[1] The "FCA sets up a two-part test" for subject matter jurisdiction. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999). First, we agree with the district court that, taken together, the *Gonzalez v. Planned Parenthood of Los Angeles* complaint, No. CV 05–8818, 2008 WL 2841883 (C.D. Cal. May 1, 2008), and the 2011 report by the Office of Inspector General for the Department of Health and Human Services "constituted a 'public disclosure' of the 'allegations or transactions' upon which [Bloedow's] FCA suit is based." *Id.* (quoting 31 U.S.C. § 3730(e)(4)(A)). That neither document explicitly references Planned Parenthood of the Great Northwest ("PPGN") is not determinative of the public disclosure bar. *See id.* at 1018–19. Second, we agree that Bloedow does not qualify as an "original source" under 31 U.S.C. § 3730(e)(4)(B). *United States ex rel. Devlin v. California*, 84 F.3d 358, 360 (9th Cir. 1996). His knowledge of PPGN's allegedly fraudulent behavior was neither "direct" nor "independent." *Id.* at 361. Thus, the district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court correctly applied the pre–2010 version of the FCA. *See Hughes Aircraft Co. v. United States ex rel. Schumer,* 520 U.S. 939, 946, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997).

lacked subject matter jurisdiction over Bloedow's case.

**AFFIRMED.**